(88 Misc. Rep. 224)
### In re IOVINELLA'S WILL.

(Supreme Court, Trial Term, Schenectady County.   January 4, 1915.)

TRIAL (§ 11*)—TRANSFER OF CASE TO TRIAL TERM—WILL CONTEST—STATUTES
—"PENDING PROCEEDING."

Under Surrogate's Code, § 2771, providing that the Code should not affect any proceeding pending at the time the act took effect, where a petition for the probate of a will is filed with the surrogate prior to the Code, there is a "pending proceeding," and the case is governed by the Code of Civil Procedure, and it was error to transfer the cause to the Trial Term of the Supreme Court for a jury trial under Surrogates' Code, §§ 2537, 2538.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 28–30; Dec. Dig. § 11.*

For other definitions, see Words and Phrases, First and Second Series, Pending.]

Petition for the probate of the will of Antonetta Iovinella.   To an order transferring the cause to the Trial Term of the Supreme Court for a jury trial, petitioners object in the Supreme Court.   Case retransferred.

Henry S. Baehler, of Schenectady, for proponent.
N. B. Spalding, of Schenectady, for contestants.

VAN KIRK, J.   A petition for the probate of the will of the deceased was filed with the surrogate of Schenectady county, and citations were issued thereon prior to September 1, 1914.   I do not recall the date of the return of these citations.   Either upon the return day or an adjourned day the contestants appeared and demanded a jury trial under Surrogate's Code, tit. 2, art. 2, §§ 2537, 2538.   The surrogate thereupon, assuming that the Surrogate's Code applied, made an order that the trial be had at a Trial Term of the Supreme Court in Schenectady county.   The proponent now objects that the case should proceed under the Code of Civil Procedure, and that the surrogate was without authority to order the case for trial in the first instance to the Supreme Court.

In this contention I think he is correct.   The Surrogate's Code went into effect September 1, 1914.   The last section of the Surrogate's Code (2771) provides:

"Nothing in this chapter shall repeal, amend or modify any existing law specially applying to any county, which is inconsistent with any section of this chapter, nor in any manner affect any litigation, action or special proceeding pending at the time when this act takes effect, and such pending action or special proceeding shall proceed under the practice established, the same as though not affected by this act."

The proceeding for the probate of this will was instituted in the Surrogate's Court upon the filing of the petition, and was a proceeding pending in the Surrogate's Court at the time the Surrogate's Code went into effect.   The repeal of the provisions of the Code of Civil Procedure applicable to Surrogate's Court could not nullify a proceeding instituted in the Surrogate's Court.   The Surrogate's Court hav-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing acquired jurisdiction, under the provisions of the Code then applicable, it seems to me the matter should have been concluded under the Code of Civil Procedure, and that that Code still had life extending to the completion of the pending proceeding.

The matter should be sent back to the Surrogate's Court. An order will be made accordingly.